UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDMOND MACHIE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES NGUYEN, et al. | ) Civil Action 11-552 (GK) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Pro se Plaintiff Edmond Machie, a native of Cameroon, brings this action against Defendants Dr. Charles Nguyen, Dean of the School of Engineering at the Catholic University of America ("Catholic University" or "University") in Washington D.C., and Dr. Sameh Elsharkawy, a professor at the University. Plaintiff alleges discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964, § 2000d et seq. ("Title VI"), discrimination in violation of the Workforce Investment Act, 29 U.S.C. § 2801 et seq. ("WIA"), and also raises various common law causes of action.[1]

---

[1] In briefing on Defendants' Motion to Dismiss, Plaintiff describes Catholic University as a Defendant in this case. Plaintiff's Opposition to Defendants' Motion to Dismiss, 4 (Pl. Opp'n) [Dkt. No. 18]. Catholic University has not, however, been named as a Defendant in Plaintiff's Complaint, has not been served with process by Plaintiff, and has not otherwise entered an appearance in this matter. Consequently, Catholic University is not a party to this suit. Mar-Jac Poultry, Inc. v. Katz, 773 F. Supp. 2d 103, 105 n.1 (D.D.C. 2011).

This matter is presently before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defs. Mot.") [Dkt. No. 4]. Upon consideration of the Motion, Opposition, and Reply, and the entire record herein, Defendants' Motion to Dismiss is **granted**.

**I. Background[2]**

During the Spring 2006 semester, Plaintiff, who was a student at Catholic University, received a failing grade in CSC 522-Operating Systems, a computer science class taught by Defendant Elsharkawy. Compl. ¶¶ 1, 6-7, 24. Plaintiff received this grade because of his performance on a group project, which served as the final exam for the class. Id. ¶ 7. Defendant Elsharkawy allegedly gave another group member, a non-Black woman of Asian descent, a better grade on the project than Plaintiff. Id.

On September 15, 2007, Defendant Nguyen placed Plaintiff on academic probation for the Fall 2007 semester because of his low GPA, and prohibited Plaintiff from taking more than three courses that term. Id. ¶ 18. On October 2, 2007, Defendant Nguyen informed Plaintiff that, due to his academic difficulties, he would be ineligible to graduate from the School of Engineering's Master's

---

[2] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

program in December 2007. Id. ¶ 9. Defendant Nguyen advised Plaintiff to update the Director of the University's Department of Labor ("DOL") scholarship program about this development. Id. At the time, Plaintiff appears to have been receiving a DOL scholarship. Id.

At some point thereafter, Plaintiff used the University's grade appeal process to challenge the grade he received in Defendant Elsharkawy's class. Id. ¶ 26. On or about December 18, 2009, Plaintiff's grade was raised. Id. ¶ 22.

Sometime on or around March 1, 2010, Plaintiff applied for readmission to the School of Engineering's Master's program. Id. ¶¶ 11-15. On April 20, 2010, Defendant Nguyen informed Plaintiff that he would not be admitted to the Master's program. Id. ¶ 21. On April 23, 2010, Plaintiff learned that his application was denied because his GPA fell below a 3.0. Id. ¶ 24. Plaintiff alleges that, because his grade in Defendant Elsharkawy's class had been raised, his GPA should have satisfied the Master's program's admissions requirement. Id.

On March 16, 2011, Plaintiff filed the instant Complaint with this Court. On May 9, 2011, Defendants submitted a Motion to Dismiss Plaintiff's Complaint. On June 29, 2011, Plaintiff submitted an Opposition to Defendants' Motion to Dismiss. On July 22, 2011, Defendants submitted a Reply Brief in Support of Their Motion to Dismiss [Dkt. No. 20].

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted) (citing Twombly, 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the pleaded factual content [must] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940 (citing Twombly, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the court may consider any documents attached to or incorporated into the complaint, matters of which the court may take judicial notice, and matters of public record. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. Under the standard set forth in Twombly, a "court deciding a motion to dismiss must . . . assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff

the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet, 525 F.3d at 17 (citations and internal quotations omitted). See also Tooley v. Napolitano, 586 F.3d 1006, 1007 (D.C. Cir. 2009) (declining to reject or address the government's argument that Iqbal invalidated Aktieselskabet).

Complaints submitted by plaintiffs proceeding pro se are reviewed by the court under "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972). However, a pro se complaint must still plead "'factual matter' that permits the court to infer more than the 'mere possibility of misconduct.'" Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011)(citation and internal quotations omitted).

**III. Analysis**

Plaintiff alleges that, by giving him a failing grade, Defendant Elsharkawy discriminated and retaliated against him based on his race and national origin in violation of Title VI. Plaintiff alleges that Defendant Nguyen similarly violated Title VI by placing him on academic probation for the Fall 2007 semester and failing to readmit him to the School of Engineering's Master's program. Plaintiff also alleges that Defendants violated the WIA and subjected Plaintiff to "illegal arrest," "false charge," slander and libel, torture, and "attempted prosecution." Compl. ¶¶ 28-29.

Defendants have raised a number of challenges to these claims, to which Plaintiff has failed to respond.[4] In the Court's May 17, 2011 Order [Dkt. No. 5], Plaintiff was informed that "the Court may choose to treat as conceded any motion not opposed within the time limits put in place by the Court or may instead choose to consider on the merits any such motion." Notwithstanding Plaintiff's failure to comply with this Order, the Court will consider the merits of Defendants' arguments.

**A. Title VI**

Defendants argue that Plaintiff has failed to state a claim under Title VI because the statute does not allow for individual liability. Defs. Mot. 8-9.

Title VI prohibits federally-funded programs or institutions, such as universities, from discriminating against any person on the basis of race, color, or national origin. 42 U.S.C. § 2000d. As Defendants correctly point out, individual defendants, like Professors Nguyen and Elsharkawy, are not subject to suit under Title VI. Mwabira-Simera v. Howard Univ., 692 F. Supp. 2d 65, 70 (D.D.C. 2010)(citing to Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1169-70 (11th Cir. 2003)).

---

[4] Instead, Plaintiff argues that Defendant's submission of a motion to dismiss violates Federal Rule of Civil Procedure 7. Pl. Opp'n 3, 5. Plaintiff has misunderstood the Federal Rules, which expressly allow for the submission of motions to dismiss in response to the filing of a complaint. FED. R. CIV. P. 12.

Consequently, Plaintiff has failed to state a claim for relief under this statute.

**B. Workforce Investment Act**

Defendants argue that Plaintiff has failed to state a claim under the WIA because the statute does not permit private parties to bring suit under the Act. Defs. Mot. 16-17.

The WIA was enacted to "provide workforce investment activities through statewide and local workforce investment systems that increase the employment, retention, and earnings of participants, and increase occupational skill attainment by participants, and, as a result, improve the quality of the workforce, reduce welfare dependency, and enhance the productivity and competitiveness of the Nation." 29 U.S.C. § 2811. The WIA mandates that "[n]o individual shall be excluded from participation in, denied the benefits of, subjected to discrimination under, or denied employment in the administration of or in connection with, any such program or activity because of race, color, religion, sex . . ., national origin, age, disability, or political affiliation or belief. 29 U.S.C. § 2938(a)(2).

Plaintiff has not alleged that Defendants received WIA funding, nor would they seem to be eligible for such funding under the statute. 29 U.S.C. § 2842; 29. U.S.C. § 2843. Moreover, as Defendants correctly argue, the WIA does not permit private plaintiffs to sue for violation of the statute's non-discrimination

provision. See Borrero-Rodriguez v. Montalvo-Vazquez, 275 F. Supp. 2d 127, 132 (D.P.R. 2003) ("The [WIA] does not give the alleged victim [of discrimination] the right to sue. The Attorney General may or may not choose to file a civil action to remedy the alleged discrimination, if the matter is referred by the Secretary [of labor].").

For this reason, Plaintiff has failed to state a claim for relief under the WIA.

**C. Plaintiff's Common Law Theories of Liability**

Defendants argue that Plaintiff's factual allegations fail to support his claims for illegal arrest, false charge, slander and libel, torture, and attempted prosecution. Defs. Mot. 17-23.

**1. Illegal Arrest**

Although there is no cause of action under D.C. law for illegal arrest, the Court will construe Plaintiff's Complaint as raising a claim for false arrest, which is legally cognizable. Haines, 404 U.S. at 520. There are two types of false arrest claims: ones which are based on constitutional violations and those which are based on the common law. As to either type of claim, "[t]he focal point of the action is the question whether the arresting officer was justified in ordering the arrest of the plaintiff . . . ." Scott v. District of Columbia, 101 F.3d 748, 754 (D.C. Cir. 1996)(alteration in original)(citation and internal quotations omitted).

Plaintiff has not alleged that Defendants are law enforcement officers or that Plaintiff was, at any time, arrested. Consequently, Plaintiff has failed to state a claim for false arrest under D.C. law.

**2. False Charge**

There is no cause of action for false charge under D.C. law, nor has the Court found any recognized legal theory that approximates this claim. Consequently, because Plaintiff's false charge claim has no legal merit, it must be dismissed.

**3. Slander and Libel**

To make out a cause of action for slander or libel, "a plaintiff must demonstrate that defendant's remarks are 'defamatory.'" Cmty. for Creative Non-Violence v. Pierce, 814 F.2d 663, 670 (D.C. Cir. 1987). "In the District of Columbia, a statement is defamatory if it tends to injure [the] plaintiff in his [or her] trade, profession or community standing or lower him in the estimation of the community." Beeton v. District of Columbia, 779 A.2d 918, 923 (D.C. 2001)(citation and internal quotations omitted).

To state a claim for defamation, plaintiff must demonstrate:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

Id. (citation and internal quotations omitted). In addition, the statement must be "more than merely unpleasant or offensive but [must] make the plaintiff appear 'odious, infamous, or ridiculous.'" Pierce, 814 F.2d at 671 (citation and internal quotations omitted).

Construing the Complaint in the most favorable light, Plaintiff has not identified any false statements made by Defendants, has not alleged that any such statements made him appear to be "odious, infamous, or ridiculous," and has not claimed that Defendants published such statements to third parties.

Consequently, Plaintiff has failed to state a claim for slander or libel under D.C. law.

### 4. Torture

There is no common law cause of action for torture under D.C. law. The Torture Victim Protection Act, 28 U.S.C. § 1350 ("TVPA"), does, however, provide a statutory basis for such claims.[5] The TVPA allows U.S. and foreign citizens to bring suit against "[a]n individual who under actual or apparent authority, or color of law, of any foreign nation," subjects a person to torture. Id., § 2. The TVPA defines torture as

---

[5] Although the TVPA is not a jurisdictional statute, it allows parties to pursue claims of official torture through the Alien Tort Claims Act, 28 U.S.C. § 1350, and general federal question jurisdiction. See Jerez v. Republic of Cuba, 777 F. Supp. 2d 6, 18 (D.D.C. 2011)

> [a]ny act, directed against an individual in the offender's custody or physical control, by which severe pain or suffering (other than pain or suffering arising only from or inherent in, or incidental to, lawful sanctions), whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an act that individual or a third person is suspected of having committed, intimidating or coercing that individual or third person, or for any reason based on discrimination of any kind.

Id., § 3.

The Complaint is devoid of any allegation that could be remotely understood to support a claim for torture. Nor are Defendants alleged to have acted "under color of the law of any foreign nation" or to have subjected Plaintiff to severe physical or mental pain. In short, Plaintiff's claim is frivolous and without any merit.

Plaintiff has, therefore, failed to state a claim for torture under the TVPA.

### 5. Attempted Prosecution

There is no cause of action for attempted prosecution under D.C. law. D.C. law does, however, recognize claims for malicious prosecution. To make out a claim for malicious prosecution in a civil case, plaintiff must demonstrate: "(1) [that] the underlying suit terminated in the plaintiff's favor; (2) malice on the part of the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by the plaintiff as the result of

the original action." Brown v. Carr, 503 A.2d 1241, 1244 (D.C. 1986)(citation omitted).

The Complaint does not allege that Defendants previously brought suit against Plaintiff or contain any other allegations that could reasonably be construed as supporting a claim for malicious prosecution.

For these reasons, Plaintiff has failed to state a claim for malicious prosecution under D.C. law.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. An Order will accompany this Memorandum Opinion.


November 15, 2011
/s/
Gladys Kessler
United States District Judge